ROGER J. BROTHERS, BAR NO. 118622
rbrothers@bpbsllp.com
HORACE W. GREEN, BAR NO. 115699
hgreen@bpbsllp.com
CONNOR M. DAY, BAR NO. 233245
cday@bpbsllp.com
BUCHMAN PROVINE BROTHERS SMITH LLP
1333 N. California Blvd., Suite 350
Walnut Creek, California 94596
Telephone:     925 944 9700
Facsimile:     925 944 9701

Attorneys for Plaintiff
The File Box, Inc.

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| THE FILE BOX, INC., | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| RECORD XPRESS OF CALIFORNIA, LLC, AND DOES 1 THROUGH 50, | |
| Defendants. | |

Plaintiff, THE FILE BOX, INC., by and through counsel, alleges for its Complaint for Damages against Defendant RECORD XPRESS OF CALIFORNIA, LLC, as follows:

## INTRODUCTION

1.     This is a civil action seeking damages for defendant's breach of contract and wrongful withholding of Plaintiff's funds in the principal amount of $315,000 that defendant has acknowledged plaintiff is entitled to receive pursuant to an asset purchase agreement.

## PARTIES

2.     Plaintiff THE FILE BOX, INC. ("Plaintiff") is a corporation duly organized and existing under the laws of the State of Washington, with its principal place of business in the

60431.001/347761.1

State of Washington.

3.       Defendant RECORD XPRESS OF CALIFORNIA, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

## JURISDICTION AND VENUE

4.       This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the defendant resides in the Northern District of California and the Northern District of California is the judicial district in which a substantial part of the events and omissions giving rise to the claim occurred.

## FACTS

5.       Prior to June 2012, Plaintiff owned and operated a records storage, records management and document destruction business with various locations existing in Seattle, Washington and Lynnwood, Washington (the "Business").  On or about June 8, 2012, Plaintiff and Defendant entered into an Asset Purchase Agreement, pursuant to which Defendant agreed to purchase all of the assets of Plaintiff, including the Business, and acquire certain liabilities and obligations of Plaintiff for the purchase price of Three Million One Hundred Fifty Thousand Dollars ($3,150,000) (the "Purchase Agreement").

6.       Pursuant to Section 1.2 of the Purchase Agreement, the purchase price was to be paid as follows: (i) Three Hundred Fifteen Thousand Dollars ($315,000) within five (5) days of the later of one (1) year after closing (as defined in Section 1.6(a)) (the "Closing") or a final determination of the purchase price adjustments in Section 1.3 (the "Holdback Payment"); and (ii) the remainder, in the amount of Two Million Eight Hundred Thirty-Five Thousand Dollars ($2,835,000), to be paid at Closing.  Closing occurred on June 8, 2012.

7.       Pursuant to Section 7.7 of the Purchase Agreement, the parties agreed that it would be construed in accordance with, and governed in all respects by, the laws of the State of California.

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

2

60431.001/347761.1

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

8.      In conjunction with the Purchase Agreement, Plaintiff and Defendant entered into an Assignment and Assumption Agreement whereby Plaintiff assigned all of its rights, title and interest in the existing contracts to Defendant.

9.      Following the Closing, Plaintiff was required to, and did in fact, assist Defendant in the operation of the Business for a period of one hundred twenty (120) days, or until October 6, 2012, including, but not limited to, providing customer support services and assisting in the transition of the Business from Plaintiff to Defendant (the "Transition Period").  By the end of the Transition Period on October 6, 2012, Defendant was required to assume complete assimilation of client care, service and representation of all clients.  Plaintiff, however, continued to provide client support services to Defendant and assisted in the operation of the Business through September 2013 at the request of Defendant.

10.     On or about May 29, 2013, after certain disputes arose between Plaintiff and Defendant concerning the parties' respective rights and obligations under the Purchase Agreement, Plaintiff and Defendant entered into a Settlement Agreement to resolve the then-existing disputes between Plaintiff and Defendant (the "Settlement Agreement").  The purpose of the Settlement Agreement was to resolve all disputes between Plaintiff and Defendant regarding certain Purchase Price Adjustments in Sections 1.3(a)(i), (ii), )(iv) and (v) of the Purchase Agreement, and certain aspects of the parties' performance after the Closing relating to client contracts entered into after the Closing.  The Settlement Agreement also contains an Assignment Agreement, which is attached as Exhibit B to the Settlement Agreement, whereby the parties agreed to use all reasonable efforts and take all such actions as may be required in order to effect the full assignment of the Post Closing Storage Agreements contemplated under the Purchase Agreement.  Expressly excluded from the Settlement Agreement are those issues listed in Section 3 of the Settlement Agreement, which includes, amongst other issues, Plaintiff's right to receive the Holdback Payment.

11.     As of September 23, 2013, Plaintiff and Defendant had agreed on all purchase price adjustments (Section 1.3 of the Purchase Agreement requires a final determination of all price adjustments before Defendant is required to pay the Holdback Payment), with the exception

3

60431.001/347761.1

of the purchase price adjustment set forth in Section 1.3(a)(vi) involving Defendant's actual 12-month revenue.

12.     Plaintiff is informed and believes, and based thereon alleges, that Defendant did in fact receive the amount of revenue set forth in Section 1.3(a)(vi) of the Purchase Agreement that is necessary in order to trigger Defendant's obligation, under Section 1.2(a), to release the full amount of the Holdback Payment to Plaintiff.

13.     Despite receiving the requisite amount of revenue to trigger Defendant's obligation to pay Plaintiff the Holdback Payment, Defendant initially refused to release the Holdback Payment.  On or about July 1, 2013, Defendant sent a letter to Plaintiff stating that Defendant is entitled to a price adjustment pursuant to Section 1.3(a)(vi) of the Purchase Agreement and that Defendant was only required to pay to Plaintiff the sum of Twenty-Seven Thousand Nine Hundred Seventy Dollars ($27,970).

14.     Thereafter, on or about September 23, 2013, Plaintiff sent a demand letter to Defendant requesting payment of the Holdback Payment, in the amount of Three Hundred Fifteen Thousand Dollars ($315,000).  In Plaintiff's letter of September 23, 2013, Plaintiff explained why no purchase price adjustment was required under Section 1.3(a)(vi) of the Purchase Agreement and set forth its position that Plaintiff was entitled to the Holdback Payment in the amount of Three Hundred Fifteen Thousand Dollars ($315,000) under Section 1.2(a) of the Purchase Agreement.

15.     On or about September 27, 2013, Defendant sent an email to Plaintiff responding to Plaintiff's demand letter of September 23, 2013.  In Defendant's email, dated September 27, 2013, Defendant stated "ok to pay," thereby authorizing the release and payment of the Holdback Payment to Plaintiff.  Pursuant to Defendant's email, Defendant agreed that (i) no price adjustment was required under Section 1.3(a)(vi) of the Purchase Agreement, (ii) a final determination had been made on any and all price adjustments and (iii) Plaintiff was entitled to the Holdback Payment in the amount of Three Hundred Fifteen Thousand Dollars ($315,000). Pursuant to Section 1.2(a) of the Purchase Agreement, Defendant was required to wire transfer the Holdback Payment to Plaintiff within five (5) business days, or by no later than October 4,

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

4

60431.001/347761.1

COMPLAINT (Case No.            )

2013.

16.    Despite Defendant's agreement that Plaintiff was entitled to the Holdback Payment and authorizing its release to Plaintiff, Defendant failed and refused to pay the Holdback Payment to Plaintiff.  To date, Defendant continues to fail and refuse to pay the Holdback Payment to Defendant despite its prior representations and acknowledgement that Plaintiff is entitled to the Holdback Payment.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

17.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 16 inclusive, of this Complaint, as though set forth in full herein.

18.    On or about June 8, 2012, Plaintiff and Defendant entered into a Purchase Agreement.

19.    Plaintiff has duly performed all of the terms, conditions, covenants and promises required to be performed on its part under the Purchase Agreement with Defendant, except those which have been waived or excused by the conduct of Defendant and/or by factors beyond Plaintiff's control.

20.    Defendant breached the Purchase Agreement with Plaintiff, and the above-mentioned warranties and representations, in that, *inter alia*, Defendant has failed and refused to pay Plaintiff the Holdback Payment in the amount of Three Hundred Fifteen Thousand Dollars ($315,000) pursuant to Section 1.2 of the Purchase Agreement.  To date, the balance due and owing from Defendant to Plaintiff is in the principal amount of Three Hundred Fifteen Thousand Dollars ($315,000).

21.    As a direct and proximate result of Defendant's breach of the Purchase Agreement, Plaintiff has been damaged in the principal amount of Three Hundred Fifteen Thousand Dollars ($315,000), together with interest thereon at the maximum legal rate of ten percent (10%) *per annum* from the date on which the damages accrued, until paid.

22.    Pursuant to Section 7.3 of the Purchase Agreement, Plaintiff is entitled to recover its reasonable attorneys' fees and all other costs incurred in prosecuting this action.

5

60431.001/347761.1

COMPLAINT (Case No.        )

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

1    WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as

2  hereinafter set forth.

3                          **SECOND CLAIM FOR RELIEF**

4                                  **(Conversion)**

5    23.    Plaintiff hereby incorporates by reference each, every and all of the allegations set

6  forth in paragraphs 1 through 22, inclusive, of this Complaint, as if set forth in full herein.

7    24.    Plaintiff is informed and believes, and on that basis alleges, that commencing on or

8  about September 27, 2013, and continuing to the present, Defendant, and DOES 1 through 50,

9  and each of them, acknowledged that Plaintiff was entitled to receive the Holdback Payment in

10 accordance with the terms of the Purchase Agreement. Notwithstanding Defendant's

11 acknowledgement that the Holdback Payment had properly become Plaintiff's property,

12 Defendant wrongfully, and without Plaintiff's knowledge or consent, withheld and converted to

13 its own use and benefit the Holdback Payment, from the possession of Plaintiff, to the cost,

14 damage and detriment of Plaintiff.

15   25.    Defendant's acknowledgement that Plaintiff is entitled to the Holdback Payment

16 and Defendant's statement that it would pay the Holdback Payment to Plaintiff means that

17 Defendant is not entitled to ownership of the Holdback Payment. Defendant took control and

18 ownership of the Holdback Payment when, without right or justification, Defendant refused to

19 pay to Plaintiff the Holdback Payment.

20   26.    Plaintiff learned of the foregoing facts in or about October 2013 and thereafter

21 demanded Defendant to immediately issue payment of the Holdback Payment to Plaintiff, but

22 Defendant has failed and refused, and continues to fail and refuse, to pay the Holdback Payment

23 to Plaintiff.

24   27.    As a direct and proximate result of the alleged actions of Defendant and DOES 1

25 through 50, and each of them, Plaintiff has been damaged in the amount of Three Hundred

26 Fifteen Thousand Dollars ($315,000), or otherwise according to proof at trial, together with

27 interest thereon at the maximum legal rate of ten percent (10%) *per annum* from the date the

28 Holdback Payment was due, i.e., October 4, 2013, until paid.

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

6

60431.001/347761.1

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

28. Plaintiff is informed and believes, and on that basis alleges, that Defendant and DOES 1 through 50, inclusive, and each of them, in acting as alleged herein, acted with malice, oppression and/or fraud entitling Plaintiff to punitive and exemplary damages under California law.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## THIRD CLAIM FOR RELIEF

### (Constructive Trust)

29. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive, of this Complaint, as though set forth in full herein.

30. By reason of the foregoing, as of September 27, 2013, Defendant held and possessed funds belonging to Plaintiff in the amount of Three Hundred Fifteen Thousand Dollars ($315,000).

31. Despite Defendant's representation of payment and acknowledgment that Plaintiff is entitled to the Holdback Payment under the terms of the Purchase Agreement, Defendant has failed and refused to pay the Holdback Payment to Plaintiff.

32. As a proximate result of Defendant's wrongful acts, as alleged herein, Plaintiff has been deprived of funds in the amount of Three Hundred Fifteen Thousand Dollars ($315,000).

33. Defendant and DOES 1 through 50, inclusive, in acting in the wrongful manner herein alleged, have wrongfully withheld payment of the Holdback Payment to Plaintiff and have converted, embezzled or otherwise used the Holdback Payment for its own use and benefit.

34. By reason of Defendant's wrongful acts and the wrongful manner in which Defendant and DOES 1 through 50, inclusive, obtained their alleged right, claim or interest in and to the Holdback Payment, Defendant and DOES 1 through 50, and each of them, have no legal or equitable right, claim or interest therein, but, instead, Defendant and DOES 1 through 50, and each of them, are involuntary trustees holding the Holdback Payment in constructive trust for the benefit of Plaintiff with the duty to convey the same to Plaintiff forthwith.

7

60431.001/347761.1

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For damages in an amount not less than Three Hundred Fifteen Thousand Dollars ($315,000), or according to proof, against Defendant and DOES 1 through 50, inclusive, together with interest thereon at the maximum legal rate of ten percent (10%) *per annum* from the date on which the damages accrued, according to proof, until paid;

2.    For reasonable attorneys' fees and costs;

3.    For other and further compensatory damages according to proof;

4.    For punitive and exemplary damages in an amount according to proof, or in such amount as the Court deems just and proper in order to deter such conduct in the future;

5.    For an order declaring Plaintiff to the legal owner of the Holdback Payment;

6.    For an order that Defendant and DOES 1 through 50, inclusive, and each of them, hold and maintain the Holdback Payment in constructive trust for the benefit of Plaintiff;

7.    For an order compelling Defendant to convey the Holdback Payment to Plaintiff;

8.    For costs of suit incurred herein; and

9.    For such other and further relief as the court deems just and proper.


Dated: June ___, 2014                    **BUCHMAN PROVINE BROTHERS SMITH** LLP


By:_____
Roger J. Brothers
Horace W. Green
Connor M. Day
Attorneys for Plaintiff
The File Box, Inc.

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

8

60431.001/347761.1

COMPLAINT  (Case No.                    )